## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY I. GREENE, formerly known as Ozhawaaskoo Giishig, | Case No. 16-CV-4329 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| C. GAU, MCF - St. Cloud Warden; and LESLIE BEIERS, Carlton County Judge, | |
| Respondent. | |

This matter is before the Court on the petition for a writ of habeas corpus brought by petitioner Guy I. Greene pursuant to 28 U.S.C. § 2254.[1]  The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Greene's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, this Court recommends summary dismissal of Greene's petition for failure to exhaust state remedies.

In many respects, Greene's petition is not a model of clarity.  That said, the essential narrative of Greene's petition is comprehensible given the information provided in the petition itself and from the state-court records available to this Court.  "In September 2006, [a Minnesota state] district court indeterminately committed Ozahwaaskoo Giishig, n/k/a/ Guy Greene, as a sexually dangerous person (SDP) and a sexual psychopathic personality (SPP)." *In re Civil Commitment of Giishig*, No.A13-0537, 2013 WL 4779093, at *1 (Minn. Ct. App. Sept. 9, 2013).

---

[1]The petition filed by Greene references 28 U.S.C. § 2241, but because the custodial arrangement that he is challenging was entered pursuant to the judgment of a state court, § 2254 governs these proceedings.  *See* 28 U.S.C. § 2254(a).

Greene believes this civil detention to be unlawful, but his present habeas corpus petition only implicates the legality of that civil detention indirectly.  Rather, Greene challenges the validity of two *criminal* convictions that concern events which occurred during his civil detention.  First, in October 2013, Greene pleaded guilty to fourth-degree assault and infliction of demonstrable bodily harm upon secure treatment facility personnel.  *See State v. Greene*, No. 09-CR-13-1240 (Minn. Dist. Ct. 2013).  Greene did not appeal the conviction.  Second, in August 2016, Greene was convicted after a jury trial of fifth-degree assault.  *See State v. Greene*, No.09-CR-14-1518 (Minn. Dist. Ct. 2015).  The second conviction also constituted a violation of Greene's conditional release for the first conviction.  As a result of both the revoked conditional release and the second conviction, Greene was sentenced to a one-year term of imprisonment.  Greene has not yet initiated a direct appeal for either the second conviction or the revocation of conditional release.

Greene's habeas corpus petition concerns a bundle of issues relating to each of the above-mentioned proceedings.  Ultimately, however, an in-depth review of Greene's substantive claims is irrelevant.  A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims.  *See* 28 U.S.C. § 2254(b) and (c).  To satisfy the exhaustion of state court remedies requirement, a prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

Greene has not, to date, exhausted state remedies for any of the claims concerning his convictions or the revocation of conditional release imposed upon the first conviction. Never has Greene challenged these proceedings or raised his arguments about his convictions or the revocation of supervised release before the Minnesota Supreme Court (or, for that matter, the Minnesota Court of Appeals). Nor does Greene offer a reason for his failure to exhaust state remedies, apart from his belief that the state courts are unlikely to rule in his favor. This Court cannot review Greene's claims for relief until they have first been fairly presented to the state courts. Greene's failure to do so dooms his effort to procure federal habeas corpus relief on those claims. It is therefore recommended that Greene's habeas corpus petition be summarily dismissed. Because it is unclear whether Greene may continue to seek relief in the state courts, it is recommended that the habeas petition be dismissed *without* prejudice, so that Greene may return to federal court and seek habeas corpus relief should he later exhaust his claims.

Although Greene's failure to exhaust state remedies mostly disposes of this matter, several loose ends remain:

First, respondent Leslie Beiers, the state trial judge who presided over the criminal proceedings at issue here, has moved to dismiss Greene's habeas petition for lack of personal jurisdiction. *See* ECF No. 4. Judge Beiers is correct that she is not a proper respondent to this matter. *See* Rule 2(a), Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). But it is not altogether clear, as Judge Beiers argues, that the limitation is *jurisdictional* in this instance. As far as this Court can tell — and Judge Beiers has not cited case law to the contrary — neither the Eighth Circuit Court of Appeals nor the Supreme Court of the United States has found that a district court lacks personal jurisdiction over an improperly named respondent where both the petitioner and improper respondent are present within the district of litigation. Due to the way in which the issue has been presented — and the lack of importance of this issue, given the finding that Greene's petition must be dismissed for failure to exhaust state remedies — this Court recommends granting Judge Beiers' motion to dismiss only insofar as she seeks removal of her name from the caption, without adopting any argument put forward as to personal jurisdiction.

Second, although the habeas petition as a formal matter challenges the state-court *criminal* proceedings, Greene also implicates the legality of the civil-commitment proceedings, as he suggests that the criminal proceedings never would have occurred if he were not civilly detained in the first place. If Greene believes his civil commitment to be unlawful, he may file a separate habeas corpus petition to that effect raising claims *specific* to his civil commitment. As

currently pleaded, however, this Court does not understand why, exactly, Greene believes his civil commitment to be unlawful.

Third, Greene challenges the *conditions* of his ongoing confinement in several respects. "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *accord Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014).  If Greene wishes to challenge the conditions of his confinement, he must raise such claims in a traditional complaint, not in a habeas corpus petition.  Greene is warned that because he is currently a "prisoner" for purposes of the Prison Litigation Reform Act, any civil complaint he files at this time challenging the conditions of his confinement will be subject to the limitations set forth in 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.

Fourth, Greene has requested *in forma pauperis* ("IFP") status in these proceedings.  *See* ECF No. 2.  Although Greene qualifies financially for IFP status, an IFP application should be denied where a habeas corpus petition cannot be entertained.  *See Kruger*, 77 F.3d at 1074 n.3. This Court therefore recommends that Greene's IFP application be denied.

Fifth, because Greene cannot proceed on his habeas corpus claims at this time because those claims have not yet been exhausted, it is recommended that his motion for appointment of counsel also be denied.  *See* ECF No. 8.

Sixth, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a

showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Greene's current habeas corpus petition differently than it is being treated here.  Greene has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Greene should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Guy I. Greene's petition for a writ of habeas corpus [ECF No. 1] be **SUMMARILY DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies.

2. The motion to dismiss of Leslie Beiers [ECF No. 4] be **GRANTED**, subject to the limitations set forth above.

3. Greene's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

4. Greene's motion for appointment of counsel [ECF No. 8] be **DENIED**.

5.      No certificate of appealability be issued.


Dated: February___15___, 2017                    _____*s/ Tony N. Leung*_____
                                                  Tony N. Leung
                                                  United States Magistrate Judge


                                                  *Greene v. Gau et al.*
                                                  Case No. 16-CV-4329 (JRT/TNL)


## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.